**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL J. ROBINSON,** **Plaintiff** | : | **No. 4:25cv1134** |
| | : | **(Judge Munley)** |
| **v.** | : | |
| **CITY OF SHAMOKIN, *et al.*,** **Defendants** | : | |

**MEMORANDUM**

On June 23, 2025, Plaintiff Michael J. Robinson filed the above-captioned action pursuant to 42 U.S.C. § 1983 ("Section 1983") and 42 U.S.C. § 1985 ("Section 1985"). Robinson has been granted leave to proceed *in forma pauperis* and represents himself in this action. (Doc. 9). In this case, plaintiff asserts that there is an extensive government conspiracy to violate his constitutional rights and retaliate against him as the result of his candidacy for Mayor of the City of Shamokin in Northumberland County, Pennsylvania. (Doc. 1).

The court referred Robinson's complaint to a United States Magistrate Judge for review pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff subsequently

filed several additional motions regarding other matters, which will be discussed below where relevant.[1] (Docs. 18, 21, 23, 32-34).

On September 9, 2025, Magistrate Judge Martin C. Carlson issued a report and recommendation ("R&R") after reviewing Robinson's complaint. (Doc. 41). Magistrate Judge Carlson recommends dismissing Robinson's complaint for failure to state a claim pursuant to Section 1915(e)(2)(B)(ii). Id. The R&R also recommends dismissing the additional motions referenced above. According to the R&R, the dismissal of plaintiff's complaint should be without prejudice so that Robinson can attempt to cure the deficiencies identified by the magistrate judge. Id.

On September 16, 2025, Robinson filed objections to the R&R, (Doc. 42), along with a brief in support, (Doc. 42-1). Further, plaintiff filed a supplement to his objections, (Doc. 43), and a proposed amended complaint, (Doc. 44).

Thereafter, Robinson filed the following:

1) A motion for declaratory judgment, filed September 19, 2025, (Doc. 45);
2) A motion for preliminary injunction, filed September 19, 2025 (Doc. 46);

[1] Generally, these motions concern matters pertaining to Travis Gower and Donald "Whitey" Taylor, individuals Robinson has attempted to join as co-plaintiffs in this action. Gower and Taylor allegedly have experienced the same type of government corruption in Montgomery County, Pennsylvania and Boones Mill, Virginia. (Doc. 10, Pl. Motion to Amend). At no point have these individuals been permitted to join in this action against the defendants.

3) A motion for limited discovery and stay of dismissal, filed September 19, 2025, (Doc. 47);
4) A motion to appoint counsel, filed September 19, 2025, (Doc. 48);
5) A motion to amend, filed September 19, 2025, (Doc. 49);
6) A motion to supplement, filed October 2, 2025, (Doc. 50);
7) Another motion to supplement, filed October 7, 2025, (Doc. 51);
8) A notice of public record, filed October 20, 2025, (Doc. 52);
9) An emergency motion to enjoin the 2025 Shamokin mayoral and city council elections, filed October 20, 2025, (Doc. 53); and
10) An emergency motion for a temporary restraining order regarding the 2025 municipal elections, also filed October 20, 2025, (Doc. 54).

With the most recent filings, Robinson seeks to "stop" the November 4, 2025 election – "no voting, counting, certification" – until he receives "protection," in the form of police escorts. (Docs. 53-54). Robinson takes the position that he has supplied the court with enough information to support the extreme measures requested. Because Robinson's allegations encompass the public's right to free and fair municipal elections, the court has conducted a searching review of the docket entries in this case, and, at plaintiff's explicit request, the docket entries in the other actions initiated by the plaintiff or referenced in the numerous filings.

After such review, Robinson's emergency motions will be denied. The court will also overrule the plaintiff's objections to Magistrate Judge Carlson's R&R and afford plaintiff leave to file an amended complaint within 30 days.

**Background**

Robinson resides in Shamokin, Northumberland County, Pennsylvania. (Doc. 1). He is an "experienced pro se litigant[]." Robinson v. City of Shamokin, PA, No. 23-1612, 2023 WL 4946602, at *2 (3d Cir. Aug. 3, 2023) (per curiam).

In 2019, Robinson unsuccessfully pursued a campaign for Northumberland County Commissioner. Id. at *1. At that time, he alleged that Northumberland County officials and Shamokin city officials conspired to keep him off the campaign trail. Id. He further alleged that the defendants, among other things:

> tricked him into missing an August 2019 court hearing, resulting [in] his arrest for failure to appear; subjected him to malicious prosecution for allegedly disrupting an August 2019 Shamokin City Council meeting, causing him to be charged criminally and jailed for several months; set his bail unconstitutionally high; and burned his house down.

Id. (footnotes omitted).

In 2016, Robinson unsuccessfully sought the office of Mayor of the City of Shamokin. Robinson v. Geisinger Hosp., No. 4:18-CV-989, 2019 WL 4898778, at *3 (M.D. Pa. Aug. 7, 2019), report and recommendation adopted, No. 4:18-CV-00989, 2019 WL 4885949 (M.D. Pa. Oct. 3, 2019), aff'd, 814 F. App'x 670 (3d Cir. 2020). In a civil rights complaint related to that campaign, Robinson

> named over 60 defendants and alleged a wide-ranging conspiracy to harm him in retaliation for his mayoral candidacy, during which he claims to have uncovered evidence of criminal activity. Robinson alleged that defendants, inter alia, obtained his involuntary

> commitment, prosecuted him (successfully) for harassing his own lawyer and his mayoral opponent, refused to investigate his complaint that his opponent accused him of pedophilia, caused him to lose custody of his children, wrongfully ticketed his car for parking violations, and planned to murder him.

Robinson v. Geisinger Hosp., 814 F. App'x 670, 672 (3d Cir. 2020).

In each of these previous efforts to set forth violations of his constitutional rights by a vast conspiracy of elected officials and government employees, Robinson fell short of the mark. His complaints were ultimately dismissed with prejudice and the district court decisions were affirmed by the Third Circuit Court of Appeals.

Robinson's strategy this time around essentially remains unchanged in his efforts to pursue claims related to the 2025 mayoral election. The phrase "systemic corruption" appears on the first page of his handwritten complaint. (Doc. 1-1 at ECF p. 1). As alleged in the complaint, the conspiracy involves: 1) Shamokin City Administrator Robert Slaby; 2) State Magisterial District Court Judge John Gembic; 3) State Magisterial District Court Judge Michael I. Diehl; 4) Pennsylvania Office of Attorney General Agent David Scicchitano; and 5) Governor Josh Shapiro. Id. at ECF p. 3. Robinson's complaint asserts that the conspiracy also involves other actors "to be named over time." Id.

Robinson has referenced other actors in his subsequent filings, to include: 6) Northumberland County District Attorney Michael O'Donnell; 7) former

Shamokin City Council member Joseph Leschinskie, Jr., (Doc. 5, "Amended Complaint"); 8) former Northumberland County District Attorney Anthony Matulewicz, (Doc. 7, Mot. for Prelim. Inj.); 9) former Northumberland County commissioner Vinny Causi, id.; and 10) retired Northumberland County detective Degg Stark, (Doc. 8). Many of these individuals were defendants in the previously dismissed cases

A separate motion filed by plaintiff alleges that the following individuals are also involved in the conspiracy: 11) New York County District Attorney Alvin Bragg; 12) Fulton County, Georgia District Attorney Fani Willis; 13) New York Attorney General Letitia James; 14) former Secretary of State Hilary Clinton; and 15) the Biden administration. (Doc. 11). Other additional members of the alleged conspiracy are scattered throughout plaintiff's subsequent handwritten filings. (Docs. 17–29, 32–36, 42–54).

Having reviewed Robinson's filings and attempted, in earnest, to understand his allegations, the R&R will be adopted. The plaintiff will be given another chance to identify the members of the conspiracy, make specific allegations regarding their conduct, and explain how everything fits together in a manner plausibly suggesting the violation of his constitutional rights.

**Jurisdiction**

The court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 due to the alleged violation of plaintiff's constitutional rights.

**Analysis**

**1. Robinson's Objections to the R&R**

Magistrate Judge Carlson reviewed Robinson's complaint and issued an R&R recommending dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Faced with Robinson's disjointed allegations, the magistrate judge concludes that the complaint violates Federal Rule of Civil Procedure 8. (Doc. 41 at 9–11). Referencing the half-dozen or so previous federal actions filed by Robinson, the R&R also concludes that plaintiff's claims are barred by the statute of limitations. Id. at 1–2 & n.1, 12–15. As for the sheer number of alleged conspiracy participants, Magistrate Judge Carlson noted the failure of the plaintiff to allege personal responsibility by many of the individual defendants in the ostensible rights violations. Id. at 15–19. Regarding the judges named in the conspiracy, the R&R concludes that these individuals enjoy immunity under the law. Id. at 18.

Nonetheless, as Magistrate Judge Carlson acknowledged, Robinson is *pro se* and he is alleging that his civil rights have been violated by public officials and

government employees. Consequently, the R&R recommends providing Robinson with leave to file an amended complaint. Id. at 19.

Robinson timely filed objections to the R&R, (Doc. 42), a brief in support, (Doc. 42-1), and a supplement to his objections, (Doc. 43). The court considers all these filings together and affords them liberal construction.

Additionally, Robinson asserts that his proposed amended complaint, (Doc. 44), cures the Rule 8 issues of his original pleading by eliminating several defendants and narrowing the scope of the alleged conspiracy. In support of these allegations, Robinson's supplement cites to "evidence" in prior cases. On this note, Robinson also objects to Magistrate Judge Carlson's conclusion that many of his claims are time-barred by citing a continuing violation theory. But Robinson's proposed amended complaint also implicitly admits the defect. Robinson's proposed amended complaint appears to limit his claims to a period from 2022 to the present, instead of the twelve-year-period originally alleged. (Compare Doc. 1 to Doc. 44).

In disposing of objections to a magistrate judge's R&R, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id. Providing a complete *de novo* determination where only a general objection to an R&R is offered, however, "would undermine the efficiency the magistrate system was meant to contribute to the judicial process." Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

Although styled as objections, Robinson's filings relative to the R&R demonstrate an acknowledgement that his previous complaint was subject to dismissal under Section 1915(e)(2)(B)(ii). In review of Robinson's objections to the R&R against the other filings in this case, plaintiff's focus has now shifted to the conduct of Robert Slaby, Joseph Leschinskie, and Kevin O'Hearn, an individual not named in the original complaint.

Based on the apparent metamorphosis of this action from its initiation to the present, it is difficult to discern a specific objection to the R&R in Robinson's filings. Consequently, a general objection standard will be applied. Seeing no error in Magistrate Judge Carlson's analysis of the record as it then appeared before him, the conclusions of the R&R will be adopted. Among other things, the original filing alleged a vague and sprawling conspiracy involving numerous actors without setting forth specific facts to plausibly link the named defendants to the specific constitutional injuries. The R&R correctly identified this issue among other fatal flaws in the original pleading. Accordingly, the R&R will be

adopted, plaintiff's complaint will be dismissed, and Robinson will be afforded an opportunity to file an amended complaint.[2]

**b. Emergency Injunctive Relief**

As indicated above, Robinson also seeks a temporary restraining order and preliminary injunction regarding the 2025 municipal elections in the City of Shamokin. (Docs. 53–54). He seeks to stop the election until he can be provided police escorts to campaign. Like his complaint, Robinson's motions are replete with conclusory averments of fraud, manipulation, and a deliberate effort to disenfranchise voters in Shamokin by the "Shamokin/Shapiro" enterprise, but lack any specific factual allegations, affidavits, or evidence to substantiate these serious allegations.

The factors to consider in whether to grant a motion for a temporary restraining order or a preliminary injunction under Federal Rule of Procedure 65 are the same: (1) likelihood of success on the merits; (2) likelihood of irreparable

---

[2] Robinson's proposed amended complaint will not be accepted. Having reviewed the new allegations, Robinson has not addressed some of the deficiencies identified in the R&R regarding his original complaint. For example, Magistrate Judge Carlson observed the absence of factual allegations concerning the personal involvement of many defendants in the alleged rights violations. In the proposed amended complaint, Robinson alleges that Slaby, Leschinskie, and O'Hearn violated his rights by failing to provide him with a speedy trial in his state court criminal cases by violating Pennsylvania Rule of Criminal Procedure 600. (Doc. 44 ¶ 10). Of the three defendants, only one, O'Hearn, is connected to the Northumberland County Court of Common Pleas as its court administrator. Id. ¶ 7. The proposed amended complaint does not assert exactly how Slaby, the Shamokin city administrator, fits into the alleged Rule 600 violations. Likewise, the proposed amended complaint does not assert how Leschinskie, a member of the Shamokin Housing Authority, violated plaintiff's right to a speedy trial.

harm to the movant in the absence of relief; (3) balance of the harms between the plaintiff on the one hand and the defendants on the other; and (4) the public interest. Osorio-Martinez v. Att'y Gen., 893 F.3d 153, 178 (3d Cir. 2018).

Briefly, Robinson has failed to demonstrate his entitlement to emergency injunctive relief. His allegations of a vast government conspiracy do not survive a Rule 12(b)(6) plausibility standard. Thus, plaintiff has not advanced a likelihood of success on the merits of his claims. Further, Robinson has also not demonstrated that he is likely to suffer irreparable harm in the absence of preliminary relief. Plaintiff has only offered speculative harm predicated by allegations of a conspiracy against his civil rights that do not pass muster.

The balance of equities and public interest also weigh against preliminary injunctive relief. Halting an election is an extreme measure that would disrupt the democratic process, disenfranchise voters, and create significant logistical and financial burdens for the City of Shamokin and Northumberland County. In the absence of any evidence to justify Robinson's requested relief, the public interest is best served by allowing the election to proceed tomorrow as scheduled. Granting an injunction based on unsupported allegations would undermine public confidence in the electoral process and the judiciary. Consequently, Robinson's motions to enjoin the 2025 Shamokin mayoral and city council elections will be denied.

**Conclusion**

For the reasons set forth above, Plaintiff Michael Robinson's objections to the R&R, (Doc. 42), will be overruled. The R&R, (Doc. 42), will be adopted. Plaintiff's complaint, (Doc. 1), will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The dismissal will be without prejudice. Robinson will be afforded thirty (30) days to file an amended complaint addressing the issues raised in the R&R and this memorandum. Failure to file an amended complaint within this timeframe will result in the dismissal of this action with prejudice.

The motions ancillary to the complaint, (Docs. 18, 21, 23, 32–34), will also be dismissed without prejudice as recommended by the magistrate judge. Additionally, the ancillary motions filed by Robinson following the R&R, (Docs. 45–51), will be denied without prejudice pending the filing of an amended complaint which states a plausible claim for relief.

Lastly, Robinson's motions to enjoin the 2025 Shamokin mayoral and city council elections, (Docs. 53–54) will be denied.

**Date:** 11/3/25

**JUDGE JULIA K. MUNLEY**
**United States District Court**