**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL ROBINSON,** | : | **CIVIL NO. 4:25-CV-1134** |
| **Plaintiff,** | : | **(Judge Munley)** |
| **v.** | : | **(Magistrate Judge Carlson)** |
| **CITY OF SHAMOKIN, et al.,** | : | |
| **Defendants.** | : | |

# REPORT AND RECOMMENDATION

## I. Factual Background

This case comes before us for yet another legally mandated screening review of the *pro se* plaintiff's second amended complaint. The plaintiff in this case, Michael Robinson, is a frequent, albeit frequently unsuccessful federal court litigant.[1] Many of these lawsuits appear to arise out of Robinson's dissatisfaction

[1] Examples of Robinson's past unsuccessful forays into federal court abound. See e.g., Robinson v. Northumberland Cnty., No. 4:23-CV-1044, 2023 WL 8040779, at *1 (M.D. Pa. Oct. 17, 2023), report and recommendation adopted, No. 4:23-CV-1044, 2023 WL 8037393 (M.D. Pa. Nov. 20, 2023), appeal dismissed, No. 23-3254, 2024 WL 3158615 (3d Cir. Apr. 10, 2024); Robinson v. City of Shamokin PA, No. 4:22-CV-00045, 2023 WL 2836795, at *1 (M.D. Pa. Feb. 14, 2023), report and recommendation adopted, No. 4:22-CV-00045, 2023 WL 2836793 (M.D. Pa. Mar. 24, 2023), aff'd, No. 23-1612, 2023 WL 4946602 (3d Cir. Aug. 3, 2023); Robinson

with local city government in Shamokin, and stem from law enforcement encounters which Robinson has had over the years.

It is against this backdrop that Robinson engages in his latest *pro se* legal foray. The current operative pleading is Robinson's second amended complaint. (Doc. 70). This pleading is remarkably obscure. Indeed, the entire three page document consists of largely unintelligible sentence fragments which set forth various random allegations in a scatter-shot fashion. (Id.) Thus, Robinson's latest allegations, to the extent that they can be understood, are presented in a cryptic fashion without any coherent, consistent, or comprehensible factual narrative. Yet while Robinson's second amended complaint is notably short on facts, it is decidedly grandiose in its scope. Thus, Robinson names eight city officials, district attorneys, and police officials as defendants. Robinson is similarly grandiose in his ambitions in terms of relief, demanding sweeping injunctive and declaratory relief, along with $5,000,000 in treble damages. (Id.) Further, Robinson's second amended complaint

---

v. Northumberland Cnty. Jail, No. 3:21-CV-01905, 2022 WL 4227515, at *1 (M.D. Pa. Sept. 13, 2022); Robinson v. Northumberland Cnty. Child. & Youth, No. 4:17-CV-01321, 2018 WL 1517072, at *1 (M.D. Pa. Mar. 28, 2018); Robinson v. Leschinskie, No. 4:17-CV-01416, 2018 WL 3473970, at *1 (M.D. Pa. July 19, 2018); Robinson v. Millbrand, No. 4:17-CV-1322, 2018 WL 2709375, at *3 (M.D. Pa. May 11, 2018), report and recommendation adopted, No. 4:17-CV-01322, 2018 WL 2689583 (M.D. Pa. June 5, 2018); Robinson v. Hosp., No. 4:18-CV-0989, 2018 WL 6179001, at *3 (M.D. Pa. Nov. 27, 2018).

is accompanied by a bewildering array of motions, including motions which seek service of his pleadings, expedited discovery, and the arrest of the defendants. (Docs. 62-64, 66, 69, 71, 72).

Robinson has previously been granted leave to proceed *in forma pauperis*. (Doc. 9). However, upon review of his latest pleadings, we find that this iteration of Robinson's complaint, like those complaints which have preceded it, is profoundly flawed and is subject to summary dismissal. Accordingly, we recommend that this complaint be dismissed.

## II. Discussion

### A. Screening of *Pro Se* Complaints–Standard of Review

This court has an ongoing statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis*. See 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, we are obliged to review the complaint to determine whether any claims are frivolous, malicious, or fail to state a claim upon which relief may be granted. This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for the legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)], and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal, BU.S.B, 129 S. Ct. 1937 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. Jordan v. Fox, Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of

Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action, a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id., at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id., at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id., at 678. Rather, in conducting a review of the adequacy of a complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual

> allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id., at 679.

Thus, following Twombly and Iqbal, a well-pleaded complaint must contain more than mere legal labels and conclusions; it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

As the Court of Appeals has observed:

> The Supreme Court in Twombly set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in Iqbal. The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955).

> This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint which pleads facts "merely consistent with" a defendant's liability, [ ] "stops short of the line between possibility and plausibility of 'entitlement of relief.' "

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011), cert. denied, 132 S. Ct. 1861 (2012).

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Iqbal, 129 S. Ct. at 1947. Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id., at 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1950).

In considering whether a complaint fails to state a claim upon which relief may be granted the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998

F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002); see also U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) (holding that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment"). However, the court may not rely on other parts of the record in determining whether to dismiss a complaint or when determining whether a proposed amended complaint is futile because it fails to state a claim upon which relief may be granted. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure, which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

Judged against these legal guideposts, as discussed below, this second amended complaint continues to fail as a matter of law and should now be dismissed with prejudice.

### B. The Second Amended Complaint Should Be Dismissed.

#### 1. The Complaint Violates Rule 8.

At the outset, dismissal of Robinson's second amended complaint is warranted because this pleading still fails to comply with Rule 8's basic injunction that, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." It is well-settled that: "[t]he Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed.R.Civ.P. 8(a)(2), and that each averment be 'concise, and direct.'" Scibelli v. Lebanon County, 219 F. App'x 221, 222 (3d Cir. 2007) (citing Fed.R.Civ.P. 8(e)(1)).

Thus, when a complaint is "illegible or incomprehensible", id., or when a complaint "is not only of an unwieldy length, but it is also largely unintelligible", Stephanatos v. Cohen, 236 F. App'x 785, 787 (3d Cir. 2007), an order dismissing a complaint under Rule 8 is clearly appropriate. See, e.g., Mincy v. Klem, 303 F.App'x 106 (3d Cir. 2008); Rhett v. New Jersey State Superior Court, 260 F.App'x 513 (3d Cir. 2008); Stephanatos, 236 F.App'x at 787; Scibelli, 219 F.App'x at 222; Bennett-Nelson v. La. Bd. of Regents, 431 F.3d 448, 450 n. 1 (5th Cir. 2005).

Dismissal under Rule 8 is also proper when a complaint "left the defendants having to guess what of the many things discussed constituted [a cause of action]," Binsack v. Lackawanna County Prison, 438 F. App'x 158 (3d Cir. 2011), or when the complaint is so "rambling and unclear" as to defy response. Tillio v. Spiess, 441 F.App'x 109 (3d Cir. 2011). Similarly, dismissal is appropriate in "those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. at 110 (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir.1995)) (quotations omitted); see also Tillio v. Northland Grp. Inc., 456 F. App'x 78, 79 (3d Cir. 2012). Further, a complaint may be dismissed under Rule 8 when the pleading is simply illegible and cannot be understood. See, e.g., Radin v. Jersey City Medical Center, 375 F. App'x 205 (3d

Cir. 2010); Moss v. United States, 329 F. App'x 335 (3d Cir. 2009) (dismissing illegible complaint); Earnest v. Ling, 140 F. App'x 431 (3d Cir. 2005) (dismissing complaint where "complaint fails to clearly identify which parties [the plaintiff] seeks to sue"); Oneal v. U.S. Fed. Prob., CIV.A. 05-5509 (MLC), 2006 WL 758301 (D.N.J. Mar. 22, 2006) (dismissing complaint consisting of approximately 50 pages of mostly-illegible handwriting); Gearhart v. City of Philadelphia Police, CIV.A.06-0130, 2006 WL 446071 (E.D. Pa. Feb. 21, 2006) (dismissing illegible complaint).

This second amended complaint continues to fall far below the standard of coherence demanded by Rule 8. For example, this complaint is still bereft of well-pleaded facts and lacks any legal or logical coherence. Indeed, the second amended complaint is grammatically unintelligible since it consists of little more than irate sentence fragments stitched together in a largely incomprehensible manner. Thus, the second amended complaint, like Robinson's prior pleadings, still violates Rule 8 in that it leaves "defendants having to guess what of the many things discussed constituted [a cause of action]." Binsack v. Lackawanna County Prison, 438 F.

App'x 158 (3d Cir. 2011). Therefore Rule 8 calls for dismissal of the second amended complaint in its entirety.

**2. The Second Amended Complaint Should Be Dismissed with Prejudice.**

In civil rights cases, *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). In this case, Robinson was afforded leave to amend after his initial complaint was found to be flawed on numerous scores. However, despite having been afforded this opportunity to comply with federal pleading standards, Robinson's second amended complaint—like his prior pleadings--remains an incomprehensible gestalt whose only coherent theme is Robinson's ire.

In this setting, where several iterations of a *pro se* complaint have remained incomprehensible, dismissal with prejudice is now warranted. Indeed, that is precisely the course which the Third Circuit endorsed in Rhett v. New Jersey State Superior Ct., 260 F. App'x 513, 516 (3d Cir. 2008) when it stated:

By dismissing his initial and amended complaints *without* prejudice,

> the District Court furnished [the plaintiff] with multiple opportunities to comply with Rule 8. In its first two dismissal orders, it further provided [the plaintiff] with clear directions as to what must be included in a proper complaint and warned him of the consequences of failure to comply. . . . Accordingly, granting [the plaintiff] leave to file a *third* amended complaint would have been futile, and the District Court did not abuse its discretion by dismissing his second amended complaint *with* prejudice.

Id. (citations omitted).

Therefore, at this juncture, where it is clear that granting further leave to amend would be futile, this second amended complaint should be dismissed with prejudice. Finally, we note that, in addition to this flawed second amended complaint, Robinson has filed a host of ancillary motions seeking other relief. (Docs. 62-64, 66, 69, 71, 72). Given Robinson's failure to sufficiently state a claim upon which relief may be granted, these motions should also all be dismissed.

## III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that that the plaintiff's second amended complaint and the motions ancillary to that complaint, (Docs. 62-64, 66, 69, 71, 72), all be dismissed with prejudice.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the

disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.

Submitted this day of November 2025.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge