IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL J. ROBINSON, **Plaintiff** | No. 4:25cv1134 |
| v. | (Judge Munley) |
| CITY OF SHAMOKIN, *et al.*, **Defendants** | (Magistrate Judge Carlson) |

## ORDER

Before the court is the report and recommendation ("R&R") of United States Magistrate Judge Martin C. Carlson recommending that the second amended complaint be dismissed with prejudice for failure to state a claim. (Doc. 75). The R&R also recommends that the motions ancillary to that complaint be dismissed. Id. Plaintiff Michael J. Robinson has filed objections in response to the R&R. (Doc. 76).

For brevity, the court incorporates the background section of the prior memorandum dated November 3, 2025, which adopted an R&R recommending dismissal of Robinson's original complaint. (Doc. 56). Specifically, the prior memorandum detailed Robinson's designation as an "experienced pro se litigant" by the Third Circuit Court of Appeals and his ongoing efforts to associate his shortcomings in municipal elections to a vast government conspiracy. Id. At that time, the court endeavored to understand Robinson's allegations about this

conspiracy and its participants, which included small-town officials in Northumberland County as well as several individuals who had pursued criminal charges against President Donald J. Trump between his terms of office.

Because the original complaint and Robinson's subsequent filings were sprawling, cryptic, and otherwise incompatible with basic federal pleading standards, the court dismissed the plaintiff's complaint but afforded him with an opportunity "to identify the members of the conspiracy, make specific allegations regarding their conduct, and explain how everything fits together" in an amended complaint. Id. at 6. To give Robinson sufficient time to address these issues, he was provided with thirty (30) days to file an amended complaint, or by December 3, 2025. Id. at 12.

Rather than avail himself with the time afforded to carefully spell out this alleged conspiracy, Robinson filed an amended complaint just two (2) days later. (Doc. 58). Unfortunately, the amended complaint did not cure the deficiencies noted by the R&R or the court's memorandum. Rather, the amended complaint provided even less clarity than Robinson's prior filings. Although the amended complaint was also dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), this dismissal came with a caveat. The court again afforded plaintiff with an opportunity to amend. Per the order, a second amended complaint was due on or before December 3, 2025. (Doc. 61).

Three (3) days later, however, Robinson again hastily responded with thirteen (13) separate filings including a motion for recusal and reassignment, (Doc. 65), and a second amended complaint, (Doc. 70). The undersigned denied the recusal motion. (Doc. 74). The second amended complaint was referred to Magistrate Judge Carlson for review. Id. Magistrate Judge Carlson promptly issued an R&R recommending that the second amended complaint be dismissed with prejudice. (Doc. 75). Robinson promptly responded with objections. (Doc. 76).

In his objections, Robinson takes issue with the R&R calling his second amended complaint "incomprehensible." Id. at 1. He asserts that his second amended complaint sets forth plausible claims. Id. Further, Robinson contends that his various ancillary motions are not moot. Id.

Upon review, Robinson's one-page response to the R&R demonstrates only disagreement and does not delve into the specifics of his pleading, Magistrate Judge Carlson's analysis, or even the alleged conspiracy. Therefore, the court construes plaintiff's response to the R&R as general objections.

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir.1987). The court may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id. Providing a complete *de novo* determination where only a general objection to an R&R is offered, however, "would undermine the efficiency the magistrate system was meant to contribute to the judicial process." Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

Upon consideration of Robinson's second amended complaint, the various contemporaneous motions, Magistrate Judge Carlson's R&R, and the pattern that has emerged in Robinson's filings, the court agrees that plaintiff's most recent allegations are "remarkably obscure…sentence fragments which set forth various random allegations in a scatter-shot fashion."[1] (Doc. 75 at 2). The court also agrees that the second amended complaint fails to set forth any claims upon which relief could be granted. The second amended complaint will thus be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as Magistrate Judge Carlson recommends.

---

[1] The court recognizes that *pro se* filings are liberally construed and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted). Even when liberally construed, Robinson's conspiracy allegations are disconnected.

4

Furthermore, Robinson has been provided with sufficient opportunities to spell out the facts supporting the alleged conspiracy to deprive him of his civil rights. To date, there has been no indication that Robinson's allegations will start making sense in an amended pleading. Providing Robinson with further leave to amend would be futile. Thus, as recommended by the R&R, this case will be dismissed with prejudice and his ancillary motions dismissed as moot.

Accordingly, it is hereby **ORDERED** that:

1) Plaintiff Michael J. Robinson's objections to the R&R, (Doc. 76), are **OVERRULED**;

2) The R&R dated November 14, 2025, (Doc. 75), is **ADOPTED** in full;

3) Plaintiff's second amended complaint, (Doc. 70), is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

4) Plaintiff's motions associated with his second amended complaint, (Docs. 62–64, 66, 69, 71–72, 77) are **DISMISSED** as moot; and

5) The Clerk of Court is directed to close this case.

Date: 11/25/25

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court